Carmina PEREZ, Plaintiff,

v.

Ricky L. WADE, et al., Defendants.

No. 08–1230 B.

United States District Court,
W.D. Tennessee,
Eastern Division.

Aug. 19, 2009.

Matthew E. Wright, Perry A. Craft, Craft & Sheppard, PLC, Brentwood, TN, for Plaintiff.

James D. Foster, State Attorney General's Office, Nashville, TN, Brandon O. Gibson, Pentecost Glenn & Rudd, PLLC, Jackson, TN, for Defendants.

ORDER GRANTING IN PART AND DENYING IN PART MOTION OF DEFENDANTS FOR JUDGMENT ON THE PLEADINGS AND DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT TWENTY–FOURTH JUDICIAL DISTRICT DRUG TASK FORCE

J. DANIEL BREEN, District Judge.

The Plaintiff, Carmina Perez, initiated this action against the Defendants, Ricky L. Wade; the Twenty–Fourth Judicial District Drug Task Force (the "Task Force"); Henry County, Tennessee (the "County"); and Monte Belew, the County Sheriff, on September 25, 2008, alleging violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. Before the Court is the motion of the Task Force, along with Wade and Belew, who are members thereof (collectively, the "Movants"), for partial judgment on the pleadings.

Such motions are governed by Rule 12(c) of the Federal Rules of Civil Procedure. The standard of review for motions brought under Rule 12(c) is the same as a review pursuant to Fed.R.Civ.P. 12(b)(6).[1] *Jelovsek v. Bredesen,* 545 F.3d 431, 434 (6th Cir.2008), *pet. for cert. filed,* 78 U.S.L.W. 3049 (Jun. 25, 2009) (No. 09–22). The complaint need not necessarily be pleaded with "detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (citations omitted). Factual allegations of a complaint "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact). ..." *Id.* at 555–56, 127 S.Ct. at 1965 (citations omitted). The key inquiry is whether the facts in the complaint set out "a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974; *see also Courie v. Alcoa Wheel & Forged Prods.,* 577 F.3d 625, 629 (6th Cir. 2009). In *Ashcroft v. Iqbal,* ––– U.S. ––––, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the United States Supreme Court explained that analysis under Rule 12(b)(6) requires a two-pronged approach. First, the reviewing court should determine what allegations within the complaint can be classified as "legal conclusions" and disregard them for purposes of deciding the motion. *Ashcroft,* 129 S.Ct. at 1949. Second, the court should evaluate the remaining portions of the complaint—i.e. the well-pleaded facts—and ascertain whether they give rise to a "plausible suggestion" of a claim. *Id.* at 1950. The court "must accept as

---

1. The Plaintiff argues that certain affidavits submitted in connection with the motion converted it to one for summary judgment, *see* Fed.R.Civ.P. 12(d), and that those materials did not satisfy the requirements of Rule 56, which governs motions for summary judgment, or the Local Rules with respect to such motions. However, as the Court need not consider the affidavits in rendering its determination, conversion is not necessary. *See*

*Barrett v. Harrington,* 130 F.3d 246, 253 (6th Cir.1997), *cert. denied,* 523 U.S. 1075, 118 S.Ct. 1517, 140 L.Ed.2d 670 (1998). (court has discretion as to whether to consider matters outside the pleadings); *Gauntner v. Doyle,* 554 F.Supp.2d 779, 780–81 (N.D.Ohio 2008) (it is within the court's discretion to consider matters outside the pleadings, although doing so converts the motion to one for summary judgment).

true all of the factual allegations contained in the complaint," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Erickson v. Pardus,* 551 U.S. 89, 93–94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S.Ct. at 1949 (citation omitted).

■■■■ In the instant motion, the Movants maintain that the complaint is barred as to the Task Force and Wade and Belew in their official capacities by the Eleventh Amendment. They also argue that they are not "persons" for § 1983 purposes. The Eleventh Amendment bars suits under § 1983 against states, their agencies, and their officials sued in their official capacities for damages, unless the state has waived its sovereign immunity or consented to be sued in federal court. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 2309–10, 105 L.Ed.2d 45 (1989); *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985). Tennessee has neither consented to suit nor waived its sovereign immunity. *S & M Brands, Inc. v. Cooper,* 527 F.3d 500, 507 (6th Cir.2008), *reh'g & reh'g en banc denied* (Sept. 17, 2008). Moreover, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will,* 491 U.S. at 71, 109 S.Ct. at 2312. Therefore, state officials acting in their official capacities are not "persons" for purposes of

§ 1983. *Id.,* 109 S.Ct. at 2312. In *Timberlake by Timberlake v. Benton,* 786 F.Supp. 676, 683 (M.D.Tenn.1992), a federal district court in Tennessee specifically held that a judicial district drug task force was "not a 'person' amenable to suit under § 1983."

■■■■ In response, the Plaintiff does not directly take issue with Movants' assertion that the Task Force is a state entity and acknowledges that it may not be a proper defendant. Thus, her claims against the Task Force are DISMISSED.

■■■■ With respect to Wade and Belew, however, she submits that the Tennessee statute cited in support of their contention that Task Force members are state employees fails to insulate these particular individuals from claims for damages.[2] Tennessee Code Annotated § 8–7–110(c) provides that

(c) Notwithstanding any other provision of law to the contrary, concerning members of judicial district task forces *relating to the investigation and prosecution of alleged drug violations,* if a claim or suit should be filed against an individual and it is proven that:

(1) At the time of the alleged incident the individual was a member of such task force who was properly certified to the board of claims pursuant to § 8–42–101(3)(C); and

(2) The alleged liability arose out of the individual's activities as a task force member;

then it shall be conclusively deemed that the individual was not an employee, agent or servant of a local government but was a volunteer to the state.

---

**2.** The Court recognizes this argument is also directed at the Task Force Director. However, at the time the argument was posited in the Plaintiff's response to the instant motion, this individual was not a named defendant in this case. Consequently, as he has not been the subject of a motion to dismiss, the Court will not at this point consider whether such dismissal would be appropriate.

Tenn.Code Ann. § 8–7–110(c) (emphasis added). She asserts that, since the incident from which this lawsuit arose involved a traffic stop and not a drug offense, the individual Movants cannot claim the state's protection.

The Plaintiff offers no case law to support this contention. The only decision the Court has located analyzing the cited statute is *Willis v. Neal,* No. 1:04 CV 305, 2006 WL 270288 (E.D.Tenn. Feb. 1, 2006), *vacated in part on recons.,* 2006 WL 1129388 (E.D.Tenn. Apr. 24, 2006). In *Willis,* which also did not involve a drug offense, the court held that the "statutory provisions lead to the conclusion that the Task Force is a state entity, and its members are state employees. Thus, plaintiff's claims against Messrs. Neal, Argo, Huth, and Hitchcock in their official capacities as members of the Task Force are actually claims against the State of Tennessee." *Willis,* 2006 WL 270288, *13.

Senior District Judge James D. Todd of this district has come to a similar conclusion on two occasions. In *Emerson v. Madison County, Tennessee, et al.,* No. 94–1266 (W.D.Tenn.), Judge Todd stated as follows with respect to members of the Twenty–Sixth Judicial District Drug Task Force:

Plaintiffs maintain that it is unclear whether the Drug Task Force is an agency of the State of Tennessee entitled to Eleventh Amendment protection. The court disagrees. Pursuant to Tennessee law, a judicial district task force for the investigation and prosecution of drug cases is under the direction of the district attorney general, and its members are given jurisdiction throughout the entire judicial district. Tenn.Code Ann. §§ 8–7–101–111. In addition, the members of a judicial district task force are considered state employees as long as they are engaged in task force activities. Tenn.Code Ann. § 8–7–110, 8–42–101(3)(C).[3] Thus, any money judgment against the Drug Task Force would be, in essence, a judgment against the state, allowing the state to invoke sovereign immunity.

(Order Partially Granting Mot. to Dismiss (Mar. 13, 1995) at 3.) In a more recent case, Judge Todd reiterated that drug task force officers are state employees and official capacity suits against such persons are barred by the Eleventh Amendment. *See Vasser v. City of Trenton,* No. 07–1204 (W.D.Tenn.) (Order Granting Mot. to Dismiss W. Tenn. Drug Task Force & Official

---

**3.** Tenn.Code Ann. § 8–42–101(3)(C) provides that

"State employee" under this chapter and under title 9, chapter 8, also includes, as a volunteer, a person designated by the district attorney general of each judicial district as a member of a judicial district task force relating to the investigation and prosecution of drug cases. The district attorney general of each judicial district shall register only the names of properly qualified and designated task force members with the board of claims. Any member of such a task force designated by the district attorney general shall meet the criteria for qualifying as such a member pursuant to § 8–7–110 and as set forth in rules and regulations promulgated by the commissioner of fi-

nance and administration. The commissioner, after consultation with the department of safety and the Tennessee bureau of investigation, is authorized to promulgate rules and regulations to determine who shall qualify to be designated as a member of such judicial district task forces. Such rules and regulations may set criteria for qualifications of members and may set limits on the numbers of task force members from each district who may be registered. All such rules and regulations shall be promulgated in accordance with the provisions of the Uniform Administrative Procedures Act, compiled in title 4, chapter 5. Task force members are not eligible for workers' compensation benefits from the state of Tennessee[.]

Capacity Cls. Against Donnie Blackwell & Shawn Evans (Feb. 23, 2009)).

The Plaintiff requests pursuant to Rule 56(f), Fed.R.Civ.P., to be permitted to take limited discovery to confirm the Task Force's status and determine whether it is in fact a state defendant. However, Rule 56(f) provides no relief to the Plaintiff here, as there is no basis for converting the instant motion to a motion for summary judgment. *See supra* note 1. Perez also suggests that *Brentwood Academy v. Tennessee Secondary School Athletic Association,* 531 U.S. 288, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) might have some application and needs facts in order to make that determination. The Plaintiff has not explained the relevance *Brentwood Academy,* which addressed the issue of when a private organization might become a state actor for § 1983 purposes, has to this case. The request is denied.

■■■ However, Perez also seeks to invoke another exception to Eleventh Amendment immunity, first set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed.2d 714 (1908), against the individual Movants in their official capacities. Under *Ex Parte Young,* the Eleventh Amendment permits suits against state officials in their official capacities for prospective injunctive relief in order to ensure the enforcement of federal law. *Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 437, 124 S.Ct. 899, 903, 157 L.Ed.2d 855 (2004); *Ex Parte Young,* 209 U.S. at 155–56, 28 S.Ct. at 452; *League of Women Voters of Ohio v. Brunner,* 548 F.3d 463, 474 (6th Cir. 2008). "In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Public Serv. Comm'n of Md.,* 535 U.S. 635, 645, 122 S.Ct. 1753, 1760, 152 L.Ed.2d 871 (2002) (internal quotation marks omitted). "The focus of the inquiry remains on the allegations only; it 'does not include an analysis of the merits of the claim.'" *Brunner,* 548 F.3d at 474 (quoting *Verizon Md., Inc.,* 535 U.S. at 646, 122 S.Ct. 1753, 152 L.Ed.2d 871). Complaints "based entirely upon past acts and not continuing conduct that, if stopped, would provide a remedy to [the plaintiff]" do not implicate the doctrine. *Gean v. Hattaway,* 330 F.3d 758, 776 (6th Cir.2003); *see also S & M Brands, Inc.,* 527 F.3d at 508 (the exception does not extend to retroactive relief). Moreover, "suits against the state fisc seeking restitution for past damages are barred by the Eleventh Amendment." *Gean,* 330 F.3d at 777.

■■■ In her prayer for relief, the Plaintiff seeks injunctive relief in the form of a return of cash taken from her, with interest; a requirement that the Defendants undergo training in the law regarding discrimination against Hispanics to ensure they do not violate the rights of Perez, her son, or others; an order compelling the Defendants to apologize in writing; a directive that the Defendants refrain from targeting, singling out, or discriminating against Hispanics; and withdrawal from Wade the authority to seize cash or property from the Plaintiff or other Hispanics without review and authority by a trained supervisor.[4] Because at least some of the relief sought is prospective in nature, that

---

4. Some of the forms of injunctive relief referred to in the Plaintiff's responsive brief appeared for the first time in her "Second Amended Complaint" filed August 14, 2009, even though permission was granted therefor nearly two months earlier, on June 19, 2009. Moreover, although it is entitled "Second Amended Complaint," it appears to in fact be the Plaintiff's *first* amended complaint.

is, relief that would "merely compel the state officer's compliance with federal law in the future," it is "sufficient to invoke the *Young* fiction." *See Nelson v. Miller*, 170 F.3d 641, 646 (6th Cir.1999); *Masengill v. Univ. of Tenn.*, No. 3:98–CV–137, 2001 WL 34079321, *5 (E.D.Tenn. Oct. 22, 2001). Therefore, Wade and Belew are not entitled to dismissal from this case.[5]

For the reasons set forth herein, the motion for partial judgment on the pleadings is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as to the Plaintiff's claims against the Twenty–Fourth Judicial District Drug Task Force and those claims are hereby DISMISSED. The motion to dismiss claims against Defendants Wade and Belew in their official capacities is DENIED.

---

5. It is clear, however, that some of the injunctive relief sought by the Plaintiff is retrospective and, therefore, not recoverable. In support of her response to the motion to dismiss, Perez refers the Court to *Rossborough Manufacturing Co. v. Trimble*, 301 F.3d 482 (6th Cir.2002), in which the plaintiffs sought reimbursement of a claim that was to have been paid from a fund created under Ohio state law involving workers' compensation. *Rossborough Mfg. Co.*, 301 F.3d at 484–86. The court stated that

> In the case at hand, the plaintiffs explicitly demand prospective injunctive relief and a declaratory judgment; implicitly, they seek reimbursement that the claim should be paid out of the Fund. While it may be argued that the explicit demand for injunctive relief and a declaratory judgment is merely a cover for the implicit request for money, we conclude that the *Ex Parte Young* exception applies. The plaintiffs challenge the constitutionality of the Treasurer's and Administrator's administration of the Fund. Were we to find that the actions of those officials are unconstitutional, and to issue an injunction preventing the continued unconstitutional administration of the Fund, the plaintiffs would not need a judgment against the state awarding them money damages because the injunction would lead to the lawful administration of the Fund and reimbursement for the plaintiffs. Accordingly, we hold that the Treasurer and Administrator are not entitled to Eleventh Amendment immunity.

*Id.* at 489. The Plaintiff argues, based on *Rossborough*, that *Ex Parte Young* applies to reimbursement in the § 1983 context. But, in *S & M Brands, Inc.*, the Sixth Circuit observed that "[t]he injunction sought in *Rossborough* did not simply demand money that should have been paid at one time in the past, but rather would require that the fund be constitutionally administered for all additional requests for reimbursement by any claimant in the future." *S & M Brands, Inc.*, 527 F.3d at 510–11. The reimbursement sought in this case is a demand for money wrongfully seized at one time in the past. Thus, the Plaintiff's claim for injunctive relief in the form of reimbursement is barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 663–71, 94 S.Ct. 1347, 1356–60, 39 L.Ed.2d 662 (1974) (Eleventh Amendment barred award of retroactive payment of statutory benefits wrongfully withheld); *Skinner v. Govorchin*, 463 F.3d 518, 524 (6th Cir.2006), *reh'g & reh'g en banc denied* (Dec. 7, 2006) (money damages in the form of reimbursement resulting from improper garnishment of prison trust account barred by Eleventh Amendment). Since this lawsuit is proceeding against Wade and Belew in their official capacities, it is unnecessary at this stage to determine the precise nature of all forms of injunctive relief sought by Perez with respect to *Ex Parte Young*. *See Dunn v. Spivey*, No. 2:09–0007, 2009 WL 1322600, *5 n. 4 (M.D.Tenn. May 11, 2009) (so long as some of the injunctive relief sought is prospective, it is not necessary at Rule 12(b)(6) stage to determine the precise nature of all relief sought relative to *Ex Parte Young* ).